a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| RUBILDO RODRIGUEZ NOA,<br>Petitioner | CIVIL DOCKET NO. 1:26-CV-00496<br>SEC P |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| BRIAN ACUNA ET AL,<br>Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

# MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by Petitioner Rubildo Rodrigeuz Noa ("Rodriguez Noa"), an immigration detainee at Winn Correctional Center in Winnfield, Louisiana.

Because the Petition contains factual inconsistencies and the specific provision governing Rodriguez Noa's detention is unclear, he must AMEND the Petition.

## I. Background

Rodriguez Noa is a native and citizen of Cuba. On July 30, 2019, the Department of Homeland Security ("DHS") issued a Form I-200 Warrant for Arrest of Alien stating that Rodriguez Noa was subject to arrest and detention under § 236 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226. ECF No. 11-1 at 5. Rodriguez Noa was issued a Notice to Appear ("NTA") charging him as inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I). *Id.* at 1. The NTA states that Rodriguez Noa entered the United States on July 26, 2019. *Id.* DHS released Rodriguez Noa on his

own recognizance pursuant to a Form I-286 Notice of Custody Determination under § 236. *Id.* at 6.

On February 6, 2020, following a merits hearing, an immigration judge ordered Rodriguez Noa removed to Cuba. ECF No. 11-2 at 1. Neither party identifies any appeal from that decision, motion to reopen, or stay of removal. Subsequent DHS records appear to treat the removal order as administratively final.

On March 18, 2021, Immigration and Customs Enforcement ("ICE") issued Rodriguez Noa a Form I-220B Order of Supervision. ECF No. 1-1 at 1. The form states that ICE had not effected Petitioner's removal "during the period prescribed by law" and therefore ordered that he be "placed under supervision and permitted to be at large." *Id.* The Order of Supervision required Rodriguez Noa, among other things, to appear whenever requested by ICE, report any change in residence or employment, assist ICE in obtaining necessary travel documents, and participate in an Alternatives to Detention program. *Id.* at 1-3. A second Form I-286, also dated March 18, 2021, states that Rodriguez Noa was being released under other conditions and that he did not request review of that determination by an immigration judge. ECF No. 1-2 at 1.

Rodriguez Noa alleges—and the Government does not dispute—that he complied with the conditions of his supervision and attended every required ICE check-in. ECF No. 1 at 4, 14. On May 13, 2025, Rodriguez Noa appeared for a required ICE check-in and was detained. *Id.* The present record does not contain a

notice revoking the Order of Supervision, the reasons for any revocation, a record of an informal interview, or a post-order custody-review determination.

Rodriguez Noa sought a bond hearing in immigration court, but his request was denied because it was filed in the wrong court. ECF No. 1 at 14.

Rodriguez Noa filed this § 2241 Petition after approximately nine months of re-detention. ECF No. 1. He contends that his detention is governed by § 1226(a), rather than § 1225(b)(2)(A), and that his continued detention without a bond hearing violates the INA and the Due Process Clause. *Id.* at 15-17. He seeks immediate release or, alternatively, release unless the Government provides a bond hearing under § 1226(a). *Id.* at 17.

In its Response, the Government acknowledges the February 2020 removal order, Rodrigeuz Noa's subsequent release under an Order of Supervision, and his May 2025 re-detention. Nonetheless, it maintains that Rodriguez Noa is detained under § 1225(b)(2)(A) "during the pendency of his removal proceedings." *Id.* at 2-3, 13.

The Petition contains several facially inconsistent allegations concerning Rodriguez Noa's immigration history. It variously states that he entered the United States in March 2021 and April 2024, despite the Notice to Appear documenting an encounter in July 2019. ECF No. 1 at 4, 10, 14; ECF No. 11-1 at 1. It also includes allegations that Rodriguez Noa has lived in the United States for 26 years and previously obtained dismissal of his removal proceedings—allegations that are inconsistent with the documentary record. ECF No. 1 at 12, 17. Accordingly, the

foregoing background relies primarily upon the contemporaneous immigration records submitted by the parties.

## II. Law and Analysis

Rodriguez Noa contends that his detention is under § 1226. ECF No. 1. But the Government provides a copy of an order or removal from February 6, 2020. ECF No. 11-2. Rodriguez Noa must clarify the statutory provision that governs his present detention and explain the basis for that contention. Specifically, he must address whether his detention is governed by 8 U.S.C. § 1231 considering the February 6, 2020 removal order and the subsequent issuance of a Form I-220B Order of Supervision. If he contends he is detained under § 1226, he must explain why § 1231 does not apply.

If Rodriguez Noa intends to challenge his detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001), he shall specifically allege the facts supporting his contention that there is no significant likelihood of removal in the reasonably foreseeable future.

Rodriguez Noa must also correct the inconsistent factual allegations in the original Petition, including the allegations that he entered the United States in March 2021 (ECF No. 1 at 4) or April 2024 (ECF No. 1 at 10), and has lived in the United States for 26 years (ECF No. 1 at 12). He must also provide support for his contention that an immigration judge previously dismissed his case. ECF No. 1 at 17.

Accordingly, IT IS ORDERED that Rodriguez Noa AMEND the Petition, as instructed, within 21 days of this Order. The Government will have 14 day thereafter to amend its Response, if deemed necessary.

Rodrigue-Noa is advised that the amended petition must contain only allegations applicable to him and supported by a good-faith factual basis. Failure to file a timely and adequate amended petition may result in dismissal of this action without prejudice.

SIGNED on Wednesday, August 26, 2026.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE